While I agree with the majority's conclusion that summary judgment decisions shall be affirmed if there are any grounds to support the decision, I dissent because there was not a material issue of fact with regard to the expiration of the applicable statute of limitations.
Claims are untimely when they are filed more than two years after the claimant knew or should have known (1) the "nature and seriousness" of the claimant's condition, and (2) the causal relationship between the condition and the employment. See Lewisv. Trimble (1997), 79 Ohio St.3d 231, paragraph one of the syllabus. In Lewis the Supreme Court of Ohio held that whether the claimant is actually informed of the specific diagnosis is just one factor to be considered when determining the date the statute of limitations begins to run. Id. at 239. The Court further held that where the claimant knows enough about the nature of a medical condition to realize that it is both serious and work-related, the statute will begin to run. Id. at 240. Therefore, regardless of when claimant was definitely informed, the statute of limitations shall not toll if claimant knew or should have known the "nature, seriousness, and probable compensability" of her condition. Id. at 240-241.
In the present case, Appellant has conceded that she was aware of the diagnosis of carpal tunnel syndrome in 1991. However, she alleged that she was unaware that it was causally related to her employment until 1994. Appellant has argued that her doctor did not inform her of the connection of her condition to her employment until that time. While there is a question of fact as to when Appellant was fully advised of the causation of the carpal tunnel syndrome, this issue is not material. A condition such as carpal tunnel, while it may be attributable to other causes, is commonly known as being work related. When Appellant was diagnosed, she should have asked what caused the condition. Appellant's willful ignorance of the impetus that lead to her condition should not toll the statute of limitations indefinitely. Since Appellant should have known that her condition was work related in 1991, the statute of limitations has run and any questions about when she was fully informed of the causation are immaterial.
Since the date upon which definitive notification occurred is immaterial where Appellant failed to seek out the causation of her condition, there are no issues of material fact remaining to be determined. Accordingly, the statute of limitations has run and the trial court properly granted summary judgement. For the foregoing reasons, I respectfully dissent.